UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOUN KEODALAH and AUNG KEODALAH, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY., a corporation, and TRACEY SMITH and JOHN DOE SMITH, husband and wife,<br><br>Defendants. | NO.<br><br>**NOTICE OF REMOVAL** |

Defendant Allstate Insurance Company remove to this Court the Washington State court action described below, currently pending in King County Superior Court. The amount in controversy exceeds $75,000 and there is diversity of citizenship because Plaintiffs fraudulently joined Tracey Smith, as described in this Notice and contemporaneously filed Motion to Dismiss Under Rule 12(b)(6) incorporated and cited herein.

### I.    NATURE OF THE CASE

1.    Plaintiffs filed this lawsuit in the Superior Court for King County, Washington on August 4, 2015, under the name and style of *Moun Keodalah and Aung Keodalah v. Allstate Insurance Company and Tracey Smith*, Case No. 15-2-18663-9 SEA. A true and correct copy of the Complaint filed in state court is attached hereto as Exhibit A.

NOTICE OF REMOVAL - 1

4849-5015-9143.03
42496.00193

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

2.	The Complaint, submitted with this Notice as Exhibit A, alleges that Plaintiff Mr. Keodalah[1] was an insured under an Allstate motor vehicle policy, a policy that included Personal Injury Protection (PIP) and Underinsured Motorist (UIM) coverage (the "Policy").  Ex. A at ¶ 3.5-3.7.

3.	Plaintiff was allegedly injured in a motor vehicle collision involving a motorcyclist on April 2, 2007, and made a claim under the Policy.  Mr. Keodalah alleges that Allstate improperly handled his claim in a number of ways (*id.* at ¶¶ 10.1-10.2.6) and asserts claims for insurance bad faith, breach of fiduciary duty, and violations of the Consumer Protection Act (CPA) and Insurance Fair Conduct Act (IFCA).  *Id.* at X-XIII.

## II.      SUBJECT MATTER JURISDICTION

4.	Allstate and Tracey Smith exercise their rights under 28 U.S.C. §§ 1332 and 1441 to remove this case from the Superior Court of King County, Washington to this Court.

**A.     Complete Diversity Exists Because Tracey Smith Is Fraudulently Joined**

5.	Plaintiffs are residents of Washington.  Ex. A at ¶ 3.1.

6.	For purposes of determining diversity, Allstate is a citizen of the State of Illinois:  It is an Illinois insurance company with its principal place of business in the State of Illinois.  It is a wholly-owned subsidiary of Allstate Insurance Holdings, LLC, which is a limited liability company organized under the laws of the State of Delaware.  Allstate Insurance Holdings, LLC is a wholly-owned subsidiary of The Allstate Corporation, which is a Delaware corporation.  *See Allstate's Corporate Disclosure Statement*, filed with this Notice.

7.	Tracey (and John Doe) Smith were fraudulently joined to defeat jurisdiction.  Plaintiff alleges that Ms. Smith is a resident of Washington.  Ex. A at ¶¶ 3.3-3.4.

---

[1] "Plaintiff" refers only to Mr. Keodalah and his allegations against Defendants. Although this lawsuit is brought with his wife named as a plaintiff, the allegations are all made by and relate just to Mr. Keodalah. *See, e.g.* Ex. A at p. 1 ("COMES NOW the plaintiff, Moun Keodalah, . . . [who] states, claims, and alleges as follows: . . . .) & p. 15 (WHEREFORE, plaintiff Keodalah requests that the Court enter judgment against [Defendants] . . . .").

NOTICE OF REMOVAL - 2

4849-5015-9143.03
42496.00193

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

8.      Although complete diversity is usually required to remove a matter to federal court, an exception to the complete diversity requirement "is where a non-diverse defendant has been fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant and the failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder must be proved by clear and convincing evidence, and there is a general presumption against it. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

9.      Plaintiff asserts only insurance bad faith and *per se* CPA claims against Tracey Smith. Ex. A at ¶¶ 10.1-10.3 & 12.1-12.3, Relief Requested ¶¶ B & E.

10.     Plaintiff cannot state these causes of action against Tracey Smith because:

   a.     <u>Plaintiff cannot assert an insurance bad faith or CPA cause of action against an employee of an insurer.</u>  Immediately following removal, Defendants will file a Motion to Dismiss establishing that Plaintiff's claims against Tracey Smith fail as a matter of law. As set forth in Defendants' forthcoming Motion to Dismiss, the statutory and regulatory obligations underlying Plaintiff's claims apply only to insurers, and not to individual employees. Courts in this district have denied motions to remand (and one has granted a corresponding motion to dismiss) on these very grounds when plaintiffs have tried to join an insurer's employee to avoid diversity jurisdiction. *See Garoutte v. Am. Fam. Mut. Ins. Co.*, No. C12–1787MJP, 2013 WL 231104, at *2-*3 (W.D. Wash. Jan. 22, 2013) (Pechman, J.); *Rice v. State Farm Mut. Auto. Ins. Co.*, No. C05-5595RJB, 2005 WL 2487975, at *3-*4 (W.D. Wash. Oct. 7, 2005) (Bryan, J.). Moreover, Plaintiffs allege only that Tracey Smith acted on Allstate's behalf and do not allege any separate conduct or actions in her individual capacity for which she could be individually liable. Lastly, Plaintiff's factual allegations against Tracey Smith do not create a reasonable inference that she could be liable; Plaintiff's claims therefore are not plausible on their face. The lack of substantive allegations relating to Tracey Smith alone in her individual

NOTICE OF REMOVAL - 3

4849-5015-9143.03
42496.00193

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

capacity, especially compared to those made against Allstate, establish fraudulent joinder by clear and convincing evidence.

      b.    <u>Even if Plaintiff could assert claims against Tracey Smith, those claims are barred by res judicata.</u>  Defendants' forthcoming Motion to Dismiss will also establish as a matter of law that Plaintiffs' claims against both Defendants are barred by res judicata.  Plaintiffs previously sued Allstate for insurance benefits related to this accident, introducing testimony at that trial from Ms. Smith about her claims handling.  An insured cannot bring one lawsuit against its insurance company requesting money owed for benefits related to an accident and then later bring a second bad faith lawsuit arising from the same set of facts related to that same claim.  Faced with the same situation, two other courts in this District have dismissed a plaintiff's subsequent bad faith complaint as barred by res judicata.  *See Zweber v. State Farm Mut. Auto. Ins. Co.*, 39 F. Supp. 3d 1161 (W.D. Wash. 2014) (Robart, J.); *Smith v. State Farm Mut. Auto. Ins. Co.*, No. C12-1505-JCC, 2013 WL 1499265, *42013 (W.D. Wash. Apr. 11, 2013) (Coughenour, J.).  Among other things, both lawsuits involve a common nucleus of facts and must be brought together.  Plaintiffs' claims against both Defendants should have been brought in the first lawsuit and are now barred.

11.    Fraudulent joinder is established because Plaintiffs cannot state a claim against Tracey Smith, and her Washington citizenship does not destroy the complete diversity between Plaintiffs (Washington) and Allstate (Illinois).

**B.**    <u>**The Amount in Controversy Exceeds $75,000**</u>

12.    Plaintiffs' Complaint does not plead a specific amount of damages.  Allstate must therefore prove the amount in controversy requirement has been met by a preponderance of the evidence.  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

13.    Plaintiff's allegations and relief requested make it much more likely than not that the amount in controversy in this case exceeds $75,000:

NOTICE OF REMOVAL - 4

4849-5015-9143.03
42496.00193

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

a. <u>Plaintiff alleges suffering a variety of damages that exceed $75,000.</u> The jury in Mr. Keodalah's prior breach of insurance contract determined that his total damages were $108,868.20 for personal injuries, lost wages, and medical bills. Complaint at ¶ 8.33. Plaintiff alleges that $83,565.25 of that amount remains uncompensated (*id.* at ¶¶ 9.6-9.7), and presumably seeks to recover that amount in this lawsuit as part of his claims for an award of unspecified tort injuries and damages for each of his bad faith, fiduciary duty, CPA, and IFCA claims, including unspecified special and general damages. *Id.* at ¶¶ 10.3, 11.2, 12.3, 13.9, and Prayer for Relief ¶ G.

b. <u>Plaintiff, through his CPA and IFCA claims, also seeks actual, consequential, treble, and all other allowable damages that further swell damages.</u> *Id.* at Prayer for Relief ¶¶ H & I. Potential enhanced damages under the CPA and IFCA are both considered in the amount-in-controversy calculation. *See, e.g., Burke v. Family Living Trust v. Metro. Life Ins. Co.*, 2009 WL 2947196, at *3 (W.D. Wash. Sept. 11, 2009) (alleged damages under the CPA and IFCA could be trebled to meet jurisdictional threshold for diversity jurisdiction). In addition to any other damages, Mr. Keodalah presumably seeks an award of treble the $25,000 limits of his Policy (*see* Ex. A at ¶ 6.1), which by itself meets the $75,000 amount in controversy threshold. *See* RCW 48.30.015. Possible treble damages under the CPA similarly enlarge the amount in controversy. *See* RCW 19.86.090.

c. <u>The amount in controversy swells even more because Plaintiff requests an award of reasonable attorney's fees and actual and statutory litigation costs, including expert witness fees, under IFCA and the CPA.</u> *See* RCW 48.30.015 (IFCA), 19.86.090 (CPA). Attorneys' fees are included in the amount in controversy where they are recoverable under a statute, as here. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

NOTICE OF REMOVAL - 5

4849-5015-9143.03
42496.00193

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

### III. OTHER PROCEDURAL REQUIREMENTS ARE SATISFIED

14. Allstate and Tracey Smith are the only named defendants. Tracey Smith consents to and joins in Allstate's removal to this Court. Consequently, all named defendants join in and consent to removal.

15. <u>Intradistrict Assignment</u>. Pursuant to LCR 101(e), this case should be assigned to the Seattle Division because the case is removed from King County Superior Court. Plaintiff alleges that he and Tracey Smith reside in King County and that Allstate transacts business there. Complaint at ¶¶ 3.1-3.3. Accordingly, venue is also appropriate in the Seattle Division. *See* 28 U.S.C. § 1391.

16. This Notice is timely filed under 28 U.S.C. § 1446(b) and (c). Allstate was served on August 5, 2015, by service of process on Washington's Insurance Commissioner. This Notice of Removal is filed within thirty days of that date, and less than one year after the action was filed in state court.

17. As required by 28 U.S.C. §1446(a) and LCR 101(b), copies of the following documents filed in state court are attached:

    a. Complaint (Exhibit A);

    b. Order Setting Civil Case Schedule (Exhibit B);

    c. Summons (Exhibit C);

    d. Insurance Commissioner's Certificate of Service (Exhibit D);

    e. Notices of appearance (Exhibit E);

    f. Most current state court docket (Exhibit F); and

    g. Notice of Filing of Notice of Removal being filed in state court, omitting exhibits (Exhibit G).

Allstate hereby verifies that these Exhibits are true and complete copies of all of the records and proceedings filed in the state court. They are filed in the ECF system as specified by that rule.

NOTICE OF REMOVAL - 6

4849-5015-9143.03
42496.00193

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

18.     As required by 28 U.S.C. § 1446(d), Allstate today served Plaintiffs, through their counsel of record, and the Clerk for the Superior Court of King County, State of Washington, with copies of this Notice of Removal.

19.     Allstate has therefore satisfied the requirements for removal under 28 U.S.C. § 1441, *et. seq.*, and all applicable rules.

## IV.   CONCLUSION

For all of the foregoing reasons, Allstate removes this case from the Superior Court for King County, Washington, where it is now pending, to this Court. Allstate respectfully requests that this Court assume jurisdiction over this matter to the exclusion of any further proceedings in state court and place this action upon the docket of this Court, same as though this case had originally been filed in this Court.

DATED this 3rd day of September, 2015.

RIDDELL WILLIAMS P.S.

By /s/ *Gavin W. Skok*
   Gavin W. Skok, WSBA #29766

By /s/ *Travis D. Dailey*
   Travis D. Dailey, WSBA #45336

Attorneys for Defendants Allstate Insurance Company and Tracey Smith

NOTICE OF REMOVAL - 7

4849-5015-9143.03
42496.00193

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that I am employee of RIDDELL WILLIAMS P.S., attorneys for Defendants Allstate Insurance Company and Tracey Smith, and that on the date written below, I electronically filed the following document with the clerk of the court using the CM/ECF system, and served a true and correct copy of the foregoing document in the manner below stated:

**Service List**

| | |
|---|---|
| Vonda M. Sargent, WSBA #24552<br>The Law Offices of Vonda M. Sargent<br>119 1st Ave. S., Suite 500<br>Seattle, WA 98104<br>Tel: (206) 638-4970<br>Email: vonda@vsargentlaw.com | ☒ U.S. Mail<br>☐ By Messenger<br>☐ Via CM/ECF<br>☐ Via Email |

*Attorney for Plaintiffs*

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this declaration was executed on the 3rd day of September, 2015, at Seattle, Washington.

_____
Courtney R. Tracy

NOTICE OF REMOVAL - 8

4849-5015-9143.03
42496.00193

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600