UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOUN KEODALAH and AUNG
KEODALAH, husband and wife,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY., a
corporation, and TRACEY SMITH and
JOHN DOE SMITH, husband and wife,

Defendants.

NO. 15-cv-1412

**DEFENDANTS' MOTION TO
DISMISS UNDER FRCP 12(b)(6)**

**NOTED FOR MOTION CALENDAR:
September 25, 2015**

## I.    <u>INTRODUCTION AND RELIEF REQUESTED</u>

Defendants Allstate Insurance Company ("Allstate") and its employee Tracey Smith

respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice.

<u>First</u>, Plaintiffs' claims are barred by res judicata.  Plaintiffs' claims arise from a 2007

motorcycle accident.  Mr. Keodalah previously sued Allstate for payment of insurance benefits

related to that accident, and introduced evidence about Allstate's claims handling during the trial

of that case.  Plaintiff could have, and should have, asserted the claims he brings in this lawsuit

in his prior case, but he did not.  Faced with the same situation, two other courts in this District

have dismissed a plaintiff's subsequent bad faith complaint as barred by res judicata.  *See*

*Zweber v. State Farm Mut. Auto. Ins. Co.*, 39 F. Supp. 3d 1161 (W.D. Wash. 2014) (Robart, J.);

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

*Smith v. State Farm Mut. Auto. Ins. Co.*, No. C12-1505-JCC, 2013 WL 1499265, *42013 (W.D. Wash. Apr. 11, 2013) (Coughenour, J.).  This Court should do the same.

Second, Plaintiffs' Insurance Fair Conduct Act (IFCA) claim against Allstate is barred by the statute of limitations.  IFCA claims must be based on an unreasonable denial of a claim.  The alleged unreasonable denial of Mr. Keodalah's claim occurred in 2009, and was the subject of a June 2009 IFCA demand letter from his counsel.  The IFCA claim arose at that time, and is now time barred.  As a matter of law, any later additional denials do not restart the clock or give rise to new claims.

Finally, all claims should be dismissed against Defendant Tracey Smith.  Ms. Smith is employed by Allstate as an insurance adjuster.  Plaintiff asserts claims against Ms. Smith personally for common law bad faith and violation of the Washington Consumer Protection Act (CPA).  Ms. Smith, as an insurance company employee, cannot be held personally liable for those claims, which arise from alleged acts of her employer, Allstate.  Moreover, the Complaint fails to allege any facts about Ms. Smith's individual conduct that raise a reasonable inference of liability.[1]  Accordingly, all claims against Ms. Smith individually should be dismissed.

## II.   STATEMENT OF FACTS

Plaintiff Mr. Keodalah[2] alleges in his Complaint that he was insured under an Allstate motor vehicle policy including Personal Injury Protection (PIP) and Underinsured Motorist (UIM) coverage (the "Policy").  Complaint at ¶ 3.5-3.7 (Dkt. No. 1-2).  He was allegedly injured in a motor vehicle collision involving a motorcyclist on April 2, 2007, and subsequently made a claim to Allstate for payment of benefits under the Policy.

---

[1] The failure and inability to state any claims against Tracey Smith shows that Plaintiffs' joinder of her was merely an attempt to destroy diversity jurisdiction and prevent removal.  *See* Allstate's Notice of Removal (Dkt. No. 1-8).
[2] Allstate uses "Plaintiff" to refer only to Mr. Keodalah. Although this lawsuit is brought with his wife named as a plaintiff, the allegations in the Complaint are all made and relate to just Mr. Keodalah. *See, e.g.*, Complaint at p. 1 ("COMES NOW the plaintiff, Moun Keodalah, . . . [who] states, claims, and alleges as follows: . . . .) and p. 15 (WHEREFORE, plaintiff Keodalah requests that the Court enter judgment against [Defendants] . . . .").

DEFENDANTS' MOTION TO DISMISS - 2

4824-5443-9975.03
42496.00193

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Specifically, Plaintiff demanded that Allstate pay him his $25,000 UIM policy limits on April 8, 2008. *Id.* at ¶ 6.1. Allstate did not agree to pay Plaintiff his $25,000 demand, but instead at some point between April 8, 2008 and August 6, 2008 offered to pay Plaintiff $1,600 in settlement of his UIM claim. *Id.* at ¶ 6.6.

Following Allstate's denial of his demand, Plaintiff on June 24, 2009 sent Allstate a notice of violation of the Insurance Fair Conduct Act. *Id.* at ¶ 6.9.[3]

After the parties were unable to agree on the proper value of Mr. Keodalah's claim, Plaintiff filed a lawsuit in King County Superior Court on June 28, 2012 seeking payment of benefits under his Policy. *Id.* at ¶¶ 4.1-7.1. As part of that lawsuit, Plaintiff took discovery regarding Allstate's claims handling and put Allstate's claims handling practices at issue. For example, Plaintiff alleges that in his prior lawsuit, "[t]he trial court ordered defendant Allstate to respond to discovery regarding its decisions allocating fault to its insured." *Id.* at ¶ 7.19. Plaintiff took testimony from Defendant Tracey Smith during his prior lawsuit about Allstate's claims handling and process in valuing his claim. *Id.* at ¶¶ 7.20-7.21.

Plaintiff pleads that the Court broadly admitted evidence of Allstate's claims handling during his prior lawsuit. *Id.* at ¶ 8.4 ("The Court disagreed and ruled that plaintiff Keodalah was allowed to inquire of defendant Allstate why and upon what basis it had determined he was at fault for the collision.") The extensive evidence admitted at Plaintiff's first trial regarding Allstate's claims handling and how it made its determinations of the value of Plaintiff's claim included:

---

[3] A true and correct copy of the IFCA notice is attached to the accompanying Declaration of Gavin W. Skok as Exhibit A. Because the IFCA notice is expressly referred to and discussed in the complaint, and forms a part of the basis of Plaintiffs' claims, the Court may properly consider it on a Fed. R. Civ. P. motion to dismiss without converting that motion to a motion for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (in the context of a motion to dismiss, the court may consider documents referenced in the complaint, documents which form the basis of plaintiff's claims, and matters of judicial notice when determining whether the allegations state a claim upon which relief may be granted); *see also Faddie v. Alaska Airlines, Inc.*, 293 F. Supp. 2d 1210, 1214-15 (W.D. Wash. 2003) (same); *Dennis Lee Montgomery v. Soma Fin. Corp.*, No. C13–360 RAJ, 2013 WL 5775637, at *1 (W.D. Wash. Oct. 24, 2013) (Jones, J.) (same).

Case 2:15-cv-01412-RAJ   Document 3   Filed 09/03/15   Page 4 of 19

- The process Allstate used to determine the percentage of fault attributable to Plaintiff for the accident (*id.* at ¶ 8.5);

- Allstate's use of witness statements, a police report, and an accident reconstruction report in handling his claim (*id.* at ¶¶ 8.6-8.8);

- Allstate's knowledge of the truthfulness of various statements made to Plaintiff during the handling of his claim (*id.* at ¶ 8.11);

- Allstate's use of outside counsel in responding to Plaintiff's discovery related to his claim (*id.* at ¶ 8.12);

- Allstate's knowledge of statutes related to its decisions regarding Plaintiff's fault, its efforts to locate such statutes, and its alleged failure to provide information to Plaintiff about such statutes while handling his claim (*id.* at ¶¶ 8.15-8.19); and

- Whether and when Allstate's position on Plaintiff's fault in causing the accident changed during the course of its claims handling (*id.* at ¶¶ 8.21-8.22).

A jury verdict and subsequent judgment in Plaintiff's first lawsuit required Allstate to pay policy limits, which Allstate has done. *Id.* at ¶¶ 8.33, 9.6-9.7. Plaintiff then sent Allstate a second IFCA notice letter, again challenging Allstate's failure to pay previously and its alleged claims handling violations, as well as "Allstate's uncooperative and unreasonable settlement practices prior to litigation, during the action and trial it forced plaintiff Keodalah to institute and endure, and in its post-judgment actions and failures." *Id.* at ¶ 9.8.

Plaintiffs filed this lawsuit on August 4, 2015, naming both Allstate and Tracey Smith (in her individual capacity) as defendants. Plaintiffs claim Allstate improperly handled Mr. Keodalah's claim in a number of ways, both prior to and during trial in his prior case. *Id.* at ¶¶ 7.2-9.10. These include engaging in unfair claims settlement practices, unreasonably denying his claim for coverage or payment of benefits, and breaching a number of Washington Administrative Code (WAC) provisions. *Id.* at ¶¶ 10.1-10.2.6. Plaintiffs in this lawsuit assert for the first time insurance bad faith, breach of fiduciary duty, CPA, and IFCA claims against

4824-5443-9975.03
42496.00193

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1   Allstate.  *Id.* at Sections X-XIII.  Plaintiffs assert only common law insurance bad faith and CPA

2   claims against Allstate's claims adjuster, Tracey Smith.  *Id.* at Sections X (bad faith) & XII

3   (CPA), Prayers for Relief B & E.[4]

4          Allstate removed this lawsuit to this Court on September 3, 2015.

### III.   AUTHORITY AND ARGUMENT

**A.    Plaintiff cannot state claims against Allstate or its employee Tracey Smith**

7          "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

8   accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556

9   U.S. 662, 678, 129 S.Ct. 1937 (2009).  A claim for relief is "plausible on its face" when "the

10  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

11  defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Dismissal is also proper

12  when the complaint does not make out a cognizable legal theory or does not allege sufficient

13  facts to support a cognizable legal theory.  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d

14  1097, 1104 (9th Cir. 2008).  A complaint that alleges only "labels and conclusions" or a

15  "formulaic recitation of the elements of the cause of action" will not survive dismissal.  *Bell Atl.*

16  *Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  The goal is to "weed out"

17  meritless claims early, "at the point of minimum expenditure of time and money by the parties

18  and the court."  *Id.* at 558-59.

**B.    Plaintiffs' claims are barred by res judicata**

         *1.    Washington law of res judicata bars Plaintiffs' claims.*

21         In Washington, res judicata is "the rule, not the exception."[5] *Hisle v. Todd Pac. Shipyards*

22  *Corp.*, 151 Wash.2d 853, 865 (2004).  Res judicata precludes "claim splitting," *i.e.*, a party filing

---

[4] Tracey Smith responded to Plaintiff's discovery requests and testified as a Rule 30(b)(6) corporate representative on Allstate's behalf during Plaintiff's first lawsuit.  *Id.* at ¶¶ 3.4, 7.11, 7.17, 7.20-.24.  Plaintiff alleges that she changed her initial testimony that Allstate did not know when it made its liability decision or how it determined the value of Plaintiff's claim, and that it had alleged that Mr. Keodalah had run a stop sign and was on his cellphone when he in fact had not.  *Id.* at ¶¶ 7.20-7.24.

[5] Courts look to the forum state's law to determine the preclusive effect of a state court judgment.  *Mfd. Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005).

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

two separate lawsuits based on the same event. *Ensley v. Pitcher*, 152 Wash. App. 891, 898 (2009). The "general rule" is that if an action is brought for part of a claim, it must be brought for the whole claim. *Karlberg v. Otten*, 167 Wash. App. 522, 536 (2012). A judgment in the first action therefore precludes a plaintiff from bringing successive actions for "the residue of the claim." *Id.*

Thus, although a prior judgment does not bar a later suit that is *independent* of the prior one, "res judicata applies to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 868 (9th Cir. 1995). To effectuate these principles, res judicata is applied to bar assertion of claims in a subsequent suit if there is identity between the prior lawsuit and the present action as to: (1) persons and parties, (2) causes of action, (3) subject matter, and (4) the quality of persons for or against whom the claim is made. *Karlberg*, 167 Wash. App. at 536. Washington courts apply these criteria in a number of ways, and not all four are necessary to bar claims. *Codispoti*, 63 F.3d at 868.

All four elements are satisfied here.

a.     Both cases share identity of persons and parties

The first res judicata element – the same persons or parties in both actions – is met because Plaintiff and Allstate were parties to the prior lawsuit. Tracey Smith was also directly involved in the events giving rise and relating to that proceeding, and served as both a fact witness and as Allstate's corporate representative in the prior lawsuit. *See, e.g.*, *Id.* at ¶¶ 7.11, 7.17, 8.1.

b.     Both cases share identity of causes of action

The second res judicata element – identity of causes of action – is also satisfied here. This element depends on four flexible factors: whether (1) the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) substantially the same evidence is presented in the two actions; (3) the two suits involve

DEFENDANTS' MOTION TO DISMISS - 6

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1   infringement of the same right; and (4) the two suits arise out of the same transactional nucleus

2   of facts. *Energy Nw. v. Hartje*, 148 Wash. App. 454, 464 (2009).

3           Both suits here arise from the same accident and the same claims handling, such that trial

4   in this case would essentially be a re-trial of Plaintiff's first lawsuit.  Plaintiff would rely upon

5   the same evidence he relied upon in his first case, including evidence regarding the underlying

6   accident and fault in that accident, his injuries and damages, and whether Allstate's conduct and

7   decisions relating to his claim were reasonable, among other things.  Plaintiff pleads many of

8   those facts in his Complaint,[6] and expressly pleads that evidence relating to the bad faith claims

9   he now asserts (*e.g.*, claims handling) came in at his first trial.  *See, e.g.,* Complaint at ¶¶ 8.5-

10  8.27.  Both lawsuits also involve alleged infringement of the same right, as the alleged right to

11  payment of benefits litigated in Plaintiff's first lawsuit is not independent of his right to fair

12  claims handling in that process.  *See Zweber*, 39 F. Supp. 3d at 1169 (factor "strongly supports"

13  preclusion where both actions directly involve claims for benefits because insured "does not

14  have a right to fair claims handling that is independent of his right to payment").

15          Finally, both cases involve the same transactional nucleus of facts, which is the most

16  important factor in determining identity of causes of action.  *See Constantini v. Trans World*

17  *Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982) (cited in *Rains v. State*, 100 Wash.2d 660, 664

18  (1983)).  Cases involve the same transactional nucleus if they arise from facts that "are so woven

19  together as to constitute a single claim [in] their relatedness in time, space, origin, or

20  motivation," and taken together "form a convenient unit for trial purposes".  *Sound Built Homes,*

21  *Inc. v. Windermere Real Estate/S., Inc.*, 118 Wash. App. 617, 631 (2003) (quoting Restatement

22  (Second) of Judgments § 24 & cmt. b).  The gravamen of Plaintiff's first lawsuit was his

23  allegation that he was entitled to more benefits than Allstate offered, and he introduced evidence

24  of Allstate's decision-making and claims handling to prove that Allstate undervalued his claim.

---

25  [6] *See* Complaint at ¶¶ 4.1-4.23 (the accident), 5.1-4.23 (claim for benefits and claim handling, including
    investigation and determination of liability), 6.1-6.13 (communications and offers), 7.1-7.30 (pre-trial litigation and
26  discovery, including settlement offers, the last of which was for policy limits and made 5 months before trial).

DEFENDANTS' MOTION TO DISMISS - 7

4824-5443-9975.03
42496.00193

The claims in this case are virtually the same, challenging Allstate's claims handling as inadequate and arguing that its decision to not pay his demand was bad faith. Those events are by definition "so woven together as to constitute a single claim [in] their relatedness in time, space, origin, or motivation". *See Sound Built Homes*, 118 Wash. App at 631. Moreover, because Plaintiff introduced substantial evidence at his first trial about Allstate's claims handling and other conduct related to the bad faith claims he asserts now, the two lawsuits would have been a "convenient unit for trial purposes". *See Sound Built Homes*, 118 Wash. App at 631.[7]

Therefore, identity of causes of action exists. *See Zweber*, 39 F. Supp. 3d at 1169 ("In both cases, the basic behavior being complained of is the same: refusal to pay benefits in the requested amount. Accordingly, the transactional nucleus of facts is the same in both cases."); *Smith*, 2013 WL 1499265, at *5 ("Plaintiff seeks redress for the same wrong: [the insurer's] refusal to provide her with the full limits of her UIM policy. [Accordingly,] Plaintiff's instant claims are precluded.") As one Iowa appellate court recently noted, other courts following the transactional nucleus approach also bar claims like Plaintiff's asserted in a subsequent bad faith lawsuit. *Villarreal v. United Fire & Cas. Co.*, No. 14–0298, 2015 WL 162114, at *13 (2015) ("[T]he weight of authority holds that a second suit for bad faith claim denial is barred following a suit for breach of contract for failure to pay the claim.") (collecting cases, including *Smith* and *Zweber*).

          c.   <u>Both cases share the same subject matter</u>

The third res judicata element – same subject matter – is also beyond reasonable dispute. Both actions arise from the same motorcycle accident and relate to the same insurance claim. As

---

[7] If Plaintiff wanted to bring his bad faith claims he should have done so during the first lawsuit. *See Smith*, 2013 WL 1499265, at *11 (knowledge of and failure to raise bad faith claims in first lawsuit supports preclusion); *see also Coventry Assoc. v. Am. States Ins. Co.*, 136 Wash.2d 269, 278, 961 P.2d 933 (1998) (litigants can bring causes of action for both breach of contract and bad faith in a single action). He could then have bifurcated the claim payment and bad faith trials to avoid prejudice to Allstate if needed. He did none of these things and cannot resurrect those claims now. *See Codispoti*, 63 F.3d at 868 ("res judicata applies to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time").

DEFENDANTS' MOTION TO DISMISS - 8

4824-5443-9975.03
42496.00193

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

detailed above, the Complaint here expressly pleads that evidence about Allstate's claims handling practices was already introduced at the first trial, putting Allstate's claims handling at issue in both matters. *See, e.g.*, Complaint at ¶¶ 4.1-4.8, 8.4-8.22, 10.1-10.2.6.

Moreover, the two courts in this district to consider virtually identical facts have concluded that an insured's prior lawsuit requesting benefits under a policy related to an accident and the insured's later bad faith lawsuit related to the same claim have identity of subject matter and are barred by res judicata. *Zweber*, 39 F. Supp. 3d at 1168 ("[B]oth actions seek the same remedy for substantially the same harm, giving them identity of subject matter."); *Smith*, 2013 WL 1499265, at *4 (largely undisputed that identity of subject matter favored preclusion where state action involved failure to pay UIM benefits).

d.    <u>Both cases have the same quality or nature of parties</u>

Finally, the fourth res judicata element – same quality of persons for or against whom the claim is made – is also satisfied. In both the prior suit and this suit, Mr. Keodalah was the plaintiff and Allstate was a defendant. Plaintiff had the opportunity and ability to join and assert each of his current allegations and claims against Tracey Smith at the outset of or during his state case. He did not. Likewise, Plaintiff could also have included his wife as a named Plaintiff, but chose not to. Res judicata exists to prevent him from adding his wife as a named plaintiff and tacking on a new Allstate employee defendant, especially when done so fraudulently to destroy diversity jurisdiction. *See* Allstate's Notice of Removal.

> 2.    *On nearly identical facts, two other courts in this District have held that res judicata bars a subsequent bad faith lawsuit.*

On similar facts, two other courts in this district held that Washington res judicata law required dismissal of an insured's subsequent bad faith lawsuit that (a) arose from an insurer's refusal to pay benefits and (b) was filed after the insured's first lawsuit seeking payment of those benefits. *Zweber*, 39 F. Supp. 3d at 1169; *Smith*, 2013 WL 1499265, at *4. In both cases, the insured had previously brought a breach of contract action against the insurer resulting in a jury

DEFENDANTS' MOTION TO DISMISS - 9

4824-5443-9975.03
42496.00193

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

awarding damages for the amount of UIM benefits owed. *Zweber*, 39 F. Supp. 3d at 1164; *Smith*, 2013 WL 1499265, at *2. Both insureds then brought separate actions asserting extra-contractual bad faith and related causes of action. *Id.* Both courts applied Washington's res judicata rules and dismissed the insureds' second lawsuits on the basis that the insureds should have brought their extra-contractual bad faith claims in the previous action – even if that previous action involved conduct occurring after the first complaint was filed and only determined the amount of UIM damages. *Smith*, 2013 WL 1499265, at *3-7; *Zweber*, 39 F. Supp. 3d at 1168-69. In both cases, the primary factors favoring preclusion were that the insureds' subsequent bad faith claims (i) arose from the same transactional nucleus of facts regarding the insurer not paying policy limits, (ii) sought to redress the same wrongs regarding the insurer not paying policy limits, and (iii) would involve substantially the same evidence. *Zweber*, 39 F. Supp. 3d at 1168-69; *Smith*, 2013 WL 1499265, at *5-7.

Virtually the same scenario exists in this case, and all res judicata factors are equally present here as in *Zweber* and *Smith*. The same result – dismissal – is warranted here.

## C. <u>Plaintiff's IFCA claim is barred by the statute of limitations</u>

It is well-established that only an unreasonable denial of coverage or payment of benefits gives rise to an IFCA claim.[8] The statute of limitations for IFCA claims is three years. *See* RCW 4.16.080(2) (actions for injury to personal property or person or rights of another); *Ward v.*

---

[8] *See Seaway Props., LLC v. Fireman's Fund Ins. Co.*, 16 F. Supp. 3d 1240, 1255 (W.D. Wash. 2014) (Jones, J.); *Ledcor Indus. (USA) Inc. v. Va. Sur. Co., Inc.*, No. C09-1807RSM, 2011 WL 6140957, at *11 (W.D. Wash. 2011) (Martinez, J.); *Morris v. Country Cas. Ins. Co.*, No. C11–719RSM, 2011 WL 5166453, at *2 (W.D. Wash. 2011) (Martinez, J.); *Lenk v. Life Ins. Co. of N. Am.*, No. CV–10–5018–LRS, 2010 WL 5173207, at *2 (E.D. Wash. 2010); *Haley v. Allstate Ins. Co., Inc.*, No. C09–1494 RSM, 2010 WL 4052935, at *7 (W.D. Wash. 2010) (Martinez, J.); *RSUI Indem. Co., Inc. v. Vision One, LLC*, No. C08–1386RSL, 2009 WL 5125420, at *2 (W.D. Wash. 2009) (Lasnik, J.); *Keith v. CUNA Mut. Ins. Agency, Inc.*, No. 08–01368 RAJ, 2009 WL 1793675, at *7 (W.D. Wash. 2009) (Jones, J.); *Rinehart v. Life Ins. Co. of N. Am.*, No. C08–05486–RBL, 2009 WL 529524, at *1 (W.D. Wash. 2009) (Leighton, J.); *Shepard v. Foremost Ins. Co., Inc.*, No. C08-0434 RAJ, 2008 WL 5143024, at *5 (W.D. Wash. 2008) (Jones, J.); *Pac. Coast Container, Inc. v. Royal Surplus Lines Ins. Co.*, No. C08-0278MJP, 2008 WL 2705588, at *9 (W.D. Wash. 2008) (Pechman, J.); *Malbco Holdings, LLC v. AMCO Ins. Co.*, 546 F. Supp. 2d 1130, 1133 (E.D. Wash. 2008); *see also Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wash. App. 52, 78 (2014) ("a claim exists under IFCA" "if either or both" an unreasonable denial of a claim for coverage or for payment of benefits are established).

DEFENDANTS' MOTION TO DISMISS - 10

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1    *Stonebridge Life Ins. Co.*, No. C13–5092 RBL, 2013 WL 3155347, at *5 (W.D. Wash. June 21,

2    2013) (Leighton, J.), *aff'd*, 608 Fed. Appx. 487 (9th Cir. 2015).

3           Plaintiff's Complaint expressly pleads that Allstate declined to pay the amount he

4    demanded under his UIM policy prior to the time he sent his first IFCA notice on June 24, 2009.

5    Complaint at ¶¶ 6.6, 6.9, 13.3.  At latest, the three-year statute of limitations ran on Plaintiff's

6    IFCA claim in 2012 – at least three years before he filed this lawsuit.

7           Plaintiff cannot argue that later additional decisions to not pay the amount Plaintiff again

8    demanded were new "denials" or otherwise gave rise to new or additional IFCA claims.  The

9    authority is unanimous that only the initial denial matters in determining when an IFCA cause of

10   action accrues; subsequent denials do not give rise to new claims or re-start the statute of

11   limitations.  *See, e.g.*, *Ward*, 2013 WL 3155347, at *5 ("An IFCA action accrues at the time the

12   insurer extends its allegedly unreasonable settlement offer or unreasonably denies coverage.");

13   *Walker v. Metro. Prop. & Cas. Ins. Co.*, No. C12–0173JLR, 2013 WL 942554, at *5 (W.D.

14   Wash. Mar. 8, 2013) (Robart, J.) ("The precipitating event of an IFCA action is when the insurer

15   extends its allegedly unreasonable settlement offer."); *see also Pinney v. Am. Family Mut. Ins.*

16   *Co.*, No. C11–175 MJP, 2012 WL 584961 (W.D. Wash. Feb. 22, 2012) (Pechman, J.); *MK Lim,*

17   *Inc. v. Greenwich Ins. Co.*, No. 2:10-cv-00374-MJP, Dkt. #41 (W.D. Wash. May 23, 2011)

18   (Pechman, J.)[9]; *Ledcor Indus.*, 2011 WL 6140957 at *11; *Morris*, 2011 WL 5166453 at *2; *Lenk*,

19   2010 WL 5173207 at *2; *Haley*, 2010 WL 4052935 at *7; *RSUI Indem. Co.*, 2009 WL 5125420

20   at *2; *Keith*, 2009 WL 1793675 at *7; *Rinehart*, 2009 WL 529524 at *2; *Shepard*, 2008 WL

21   5143024 at *5; *Pacific Coast Container*, 2008 WL 2705588 at *9; *Malbco Holdings,* 546 F.

22   Supp. 2d at 1133-34.[10]

23

24

25   ---

     [9] This unpublished order is attached to the accompanying Declaration of Gavin W. Skok as Exhibit B.

26   [10] Plaintiffs' IFCA claims also cannot survive to the extent they are based on subsequent Washington Administrative
     Code (WAC) violations.  Case law establishes that an IFCA claim accrues only from a denial of coverage or
     payment, and that mere WAC violations do not give rise to an IFCA cause of action.  *See, supra*, note 8.

DEFENDANTS' MOTION TO DISMISS - 11

4824-5443-9975.03
42496.00193

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Moreover, the general rule is that a claim accrues at the moment a party sustains damages, regardless of whether the extent of damages can be ascertained at that time. *First Md. Leasecorp v. Rothstein*, 72 Wash. App. 278, 285 (1993); *Hudson v. Condon*, 101 Wash. App. 866, 875 (2000). Any damages occurred at the time of Allstate's initial alleged denial, even if the full extent of those damages was not known until later. No court has created an exception to that rule for IFCA claims. To the contrary, Washington courts allow litigants to bring causes of action for breach of contract and bad faith in a single action. *See Coventry*, 136 Wash.2d at 278.

For the same reasons, Plaintiff also cannot argue that his bad faith action accrued when the jury in his first lawsuit determined his damages. Bad faith is based on whether the insurer's denial of coverage was reasonable at the time it occurred, not by the amount of damages a jury later determines were actually suffered in the accident.[11] *See, e.g.*, *Keller v. Allstate Ins. Co.*, 81 Wash. App. 624, 633, 915 P.2d 1140 (1996) (rejecting a "strict number comparison approach" and concluding an $8,000 settlement offer was reasonable when made, notwithstanding a subsequent $75,000 jury verdict). Plaintiff had the facts he needed to determine whether Allstate acted reasonably at that time it denied his demand in 2008, regardless of whether the extent of his damages were known.

Plaintiff's IFCA claims are time-barred and should be dismissed with prejudice.

**D.** **Plaintiffs' claims fail as a matter of law insofar as they are based on post-litigation conduct**

Plaintiffs' claims cannot survive to the extent they depend on conduct that allegedly occurred after he filed his first lawsuit. Judge Pechman directly addressed this issue and explicitly held that the rules of civil procedure, not the WACs, govern an insurer's litigation

---

[11] A jury verdict merely establishes the injuries proximately caused by the underlying accident, but damages for bad faith, CPA and IFCA claims are based on the entirely different measure of injury proximately caused by proven bad faith. *See, e.g., Coventry*, 136 Wash.2d at 283 (noting that an insured may recover only damages caused as a "direct result" of an insurer's tortious conduct); *Lidstrand v. Silvercrest Indus.*, 28 Wash. App. 359, 368 (1981) (proof of damages under the CPA "require[s] a causal relation between the practice engaged in by the defendant and the damages suffered by the plaintiff").

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1  conduct: "When Plaintiffs filed this action, they effectively halted any claims settlement process
2  and subjected themselves to the rules governing litigation." *Stegall v. Hartford Underwriters*
3  *Ins. Co.*, C08-0668-MJP, 2009 WL 54237, at *2-3 (W.D. Wash. Jan. 7, 2009) (dismissing bad
4  faith claims based on post-litigation conduct).

5       The Washington Supreme Court has also recognized that basic principle in the UIM
6  context. *See Ellwein v. Hartford Acc. and Indem. Co.*, 142 Wash.2d 766, 780-81 (2001),
7  *overruled in part on other grounds in Smith v. Safeco*, 150 Wash.2d 478 (2003) ("UIM coverage
8  requires that a UIM insurer be free to be adversarial within the confines of the normal rules of
9  procedure and ethics.  To require otherwise would contradict the very nature of UIM
10 coverage.").  *See also Bronsink v. Allied Prop. & Cas. Ins. Co.*, 2010 WL 2342538, 2 ("[S]ince
11 Plaintiffs filed their suit before a coverage determination had been reached, they clearly cannot
12 avail themselves of the statute [IFCA] on this basis.").

13      A large portion of Plaintiffs' claims appear to arise from alleged acts by Allstate during
14 his first lawsuit and post-trial.  *See, e.g.*, Complaint at ¶¶ 7.1-9.10.  As a matter of law, such post-
15 litigation claims cannot give rise to liability and should be dismissed.

16 **E.    Plaintiffs' claims against Allstate employee Tracey Smith should be dismissed**

17      **1.    Tracey Smith cannot personally be liable for insurance bad faith or breach of
              the CPA**

18      Plaintiff asserts claims for insurance bad faith and *per se* CPA violation[12] against Tracey
19 Smith.  Complaint, Sections X (bad faith) & XII (CPA), Prayers for Relief B & E.  Those claims
20 are based on Tracey Smith's alleged breaches of various claims handling requirements in WAC
21 284-30, *et seq*.  *Id.* at ¶¶ 10.1–10.2.6, 10.2, Prayer for Relief E.  Both claims fail as a matter of
22 law.

23

---

24 [12] In a *per se* CPA claim, a plaintiff satisfies the first two CPA elements – *i.e.* (1) an unfair or deceptive act or
   practice (2) occurring within trade or business – "by proving a violation of a statute or regulation that the
   Washington legislature has labeled an unfair or deceptive business act or practice," such as insurance statutes or
25 regulations.  *Daley v. Unitrin, Inc.*, No. CV-07-0384-EFS, 2008 WL 2403706, at *1 (E.D. Wash. July 11, 2008)
   (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 792-93, 719 P.2d 531, 535
26 (1986).

1     The two courts in this district to consider similar individual claims against insurance

2  adjusters have recognized the boundary between an insurer and those acting on its behalf, and

3  declined to impose duties on insurance adjusters personally or hold them personally liable for

4  insurance bad faith or breach of insurance regulations.  For example, in *Garoutte v. Am. Fam.*

5  *Mut. Ins. Co.*, No. C12–1787MJP, 2013 WL 231104, at *2-*3 (W.D. Wash. Jan. 22, 2013)

6  (Pechman, J.), the plaintiff insured filed suit against an insurer and its adjuster employee alleging

7  common law insurance bad faith and violation of the CPA.  Judge Pechman rejected the

8  argument that the adjuster could personally be liable for insurance bad faith or a CPA violation.

9  First, Judge Pechman held that no cause of action existed "because [the adjuster] acted within the

10 scope of his employment." *Id.* at *2 (*citing Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th

11 Cir. 2003)).  Second, the Court rejected the argument that Washington law imposes an

12 independent duty of good faith on insurance adjusters, separate from the duty of good faith

13 placed on the insurer that employs them. *Id.*  Accordingly, Judge Pechman dismissed all claims

14 against the adjuster personally, and denied the plaintiff's motion to remand based on fraudulent

15 joinder for that reason.

16    Similarly, in *Rice v. State Farm Mut. Auto. Ins. Co.*, No. C05-5595RJB, 2005 WL

17 2487975, at *3-*4 (W.D. Wash. Oct. 7, 2005) (Bryan, J.), the plaintiff sued both his UIM insurer

18 and an adjuster employee for bad faith and CPA violations.  After the insurer removed the case

19 to federal court, the plaintiff sought remand for lack of diversity because the plaintiff and the

20 defendant adjuster were both Washington citizens.  The court rejected the plaintiff's argument

21 that Washington law imposed duties of good faith on the adjuster himself, as opposed to merely

22 on his employer (the plaintiff's insurer), because the court found no authority imposing such a

23 duty on an adjuster personally and because the adjuster was not an "insurer" within the meaning

24 of the statutes and regulations imposing good faith duties on insurers. *Id.* at *3.  Accordingly,

25 the court held that the joinder of the adjuster in the complaint was fraudulent and denied the

26 plaintiff's motion to remand.

DEFENDANTS' MOTION TO DISMISS - 14

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1   The same result should occur here, for the same reasons.  As discussed in *Garoutte* and

2   *Rice*, the Washington insurance regulations in WAC 284-30 cited in the Complaint impose duties

3   on insurers, not on insurance employees doing their jobs.  *See* WAC 284-30-310 (regulations

4   apply "to all insurers and all insurance policies and insurance contracts"); -330, -390, and -395

5   (claims settlement standards and practices for "insurer"); -360 (standards for "insurer" to

6   acknowledge pertinent communications), -370 (standards for "insurer" to investigate claims), -

7   380 (settlement standards for "insurer"), and -500 (unfair practices of vehicle "insurer").  The

8   Insurance Code makes clear that the "insurer" under such duties is the company that writes

9   insurance, not its employees.  *See* RCW 48.01.050 (a "person engaged in the business of making

10  contracts of insurance"); WAC 284-30-320(8) (those "engaged in the business of insurance,

11  authorized or licensed to issue or who issues any insurance policy or insurance contract in this

12  state").

13      Even the generally applicable bad faith standard makes clear that the bad faith cause of

14  action lies against the insurance company, not its employees: the insured "must show the

15  ***insurer's*** breach of the insurance contract was unreasonable, frivolous, or unfounded." *Am.*

16  *States Ins. Co. v. Symes of Silverdale, Inc.*, 150 Wash.2d 462, 469 (2003) (emphasis added).

17  That duty of the insurer "is both legislatively and judicially imposed." *Am. Mfrs. Mut. Ins. Co. v.*

18  *Osborn*, 104 Wash. App. 686, 697, 17 P.3d 1229 (2001).  Plaintiffs never allege that Tracey

19  Smith herself was an "insurer," nor do they plead facts that could establish she was an "insurer".

20  Accordingly, Plaintiffs' claims against Ms. Smith personally fail.

21      Moreover, Plaintiffs never allege that Ms. Smith acted outside the scope of her

22  employment in taking any of the actions cited by the Complaint as the basis for her personal

23  liability.  Instead, Plaintiff here acknowledges that Tracey Smith was a claims adjuster "at all

24  times material hereto."  Complaint at ¶ 3.4.  And, the only allegations levied against her relate to

25  her role as an employee in Allstate's defense against Plaintiff's first lawsuit (e.g., alleging that

26

DEFENDANTS' MOTION TO DISMISS - 15

4824-5443-9975.03
42496.00193

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

she helped respond to Plaintiff's discovery requests and testified as a Rule 30(b)(6) corporate representative on Allstate's behalf).  Complaint at ¶¶ 7.11, 7.17, 7.20-.24.

Such allegations do not state a claim under the CPA.  As an initial matter, the Washington Court of Appeals has held that an insurance company employee cannot be personally liable under the CPA for *per se* unfair acts committed in his or her capacity as an employee, because "the contractual relationship was between [the plaintiff] and its insurance providers".  *Int'l Ultimate v. St. Paul Fire & Marine*, 122 Wash. App. 736, 758 (2004) ("To be liable under the CPA, there must be a contractual relationship between the parties.  Here, the contractual relationship was between IUI and its insurance providers.  We dismiss IUI's claim against Zeller because the CPA does not contemplate suits against employees of insurers.").  Nor can a plaintiff state a tort claim against an insurance company employee unless the plaintiff also establishes a duty owed independently by the employee to the plaintiff, which Plaintiff Keodalah has not done.  *See Annechino v. Worthy*, 175 Wash.2d 630, 638 (2012) (agent or employee, acting within the scope of employment or otherwise, personally liable to third party for tort liability "only when the agent's conduct breaches a duty that the agent owes to the third party") (quoting Restatement (Third) of Agency § 7.02 (2006)).  *Garoutte* and *Rice* both hold there is no such duty.

Plaintiff also alleges that Tracey Smith violated the general "Public interest" section of the insurance code, RCW 48.01.030.  Complaint at ¶ 10.2.  RCW 48.01.030 broadly states that "[u]pon the insurer, the insured, their providers, and their representatives rests the duty of preserving inviolate the integrity of insurance".  The courts in *Garoutte* and *Rice* both rejected the argument that the reference to "representatives" in RCW 48.01.030 imposes an independent duty of good faith on adjusters separate from that imposed on their employers.  *See Garoutte*, 2013 WL 231104 at *2 (rejecting plaintiff's citation to RCW 48.01.030 as the source of an independent duty of good faith for adjusters because "the text of this sentence makes clear that it does not create a cause of action against representatives of insurance companies; otherwise, it

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

would also create a cause of action for bad faith against 'the insured.'"); *Rice*, 2005 WL 2487975, at *3 ("The plaintiff cites no authority for the proposition that the language contained in RCW 48.01.030 ('and their representatives') imposes a duty of good faith on insurance company employees such as the defendant, and the court has found no cases that so hold."). The same conclusion follows here.

Plaintiff's claims against Tracey Smith should be dismissed with prejudice.

2. **Even if an insurance adjuster could be personally liable, Plaintiff fails to state a plausible bad faith or CPA claim against Ms. Smith**

Plaintiff alleges only that Tracey Smith, in Plaintiff's prior state court lawsuit, responded to Plaintiff's discovery requests and testified as a Rule 30(b)(6) corporate representative on Allstate's behalf. Complaint at ¶¶ 3.4, 7.11, 7.17, 7.20-.24. First, Plaintiff cannot rely on litigation-related conduct to support his bad faith and CPA claims against Tracey Smith. *See infra*, Section III(D). Second, Plaintiff makes no allegations that Ms. Smith took any independent action upon which Plaintiff could base claims against her personally independent of those he asserts against Allstate. In any event, Tracey Smith's responses to written discovery and deposition questions merely recite her recall of historical facts and do not constitute any handling, investigation or valuation of Plaintiff's claim. Nor do the allegations have anything to do with any decision related to the claim, including settlement. And Plaintiff makes no allegations that Tracey Smith intentionally misrepresented anything, or that any of her conduct caused him any injury (or could possibly even do so). Plaintiff makes no allegations that give rise to a "reasonable inference" that Tracey Smith could be liable. *Iqbal*, 556 U.S. at 678. Plaintiff's claims against her therefore are not "plausible on [their] face" and should be dismissed. *Id.*

IV.     **CONCLUSION**

Allstate and Tracey Smith respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice. All of Plaintiffs' claims are barred by res judicata. His IFCA claim is

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1  also time-barred, and his remaining claims fail to the extent they are conduct after he filed his

2  first lawsuit or during litigation.  And, all of Plaintiffs' claims against Allstate employee and

3  insurance adjuster Tracey Smith fail as a matter of law, both because she cannot be held

4  personally liable on the bad faith and CPA Claims alleged and because the Complaint fails to

5  allege any acts by her in her individual capacity that would give rise to such liability.

6         DATED this 3rd day of September, 2015.

7                          RIDDELL WILLIAMS P.S.

8

9                          By /s/ *Gavin W. Skok*
                              _____
10                            Gavin W. Skok, WSBA #29766
                              Travis D. Dailey, WSBA #45336
11                            Attorneys for Defendant Allstate Insurance
                              Company and Tracey Smith

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO DISMISS - 18

4824-5443-9975.03
42496.00193

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that I am employee of RIDDELL WILLIAMS P.S., attorneys for Defendant Allstate Insurance Co., and that on the date written below, I electronically filed the following document with the clerk of the court using the CM/ECF system, and served a true and correct copy of the foregoing document in the manner below stated:

**<u>Service List</u>**

Vonda M. Sargent, WSBA #24552
The Law Offices of Vonda M. Sargent
119 1st Ave. S., Suite 500
Seattle, WA 98104
Tel: (206) 638-4970

☒ U.S. Mail
☐ By Messenger
☐ Via CM/ECF
☐ Via Email

*Attorney for Plaintiffs*

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this declaration was executed on the 3rd day of September, 2015, at Seattle, Washington.

/s/ *Courtney R. Tracy*
Courtney R. Tracy

DEFENDANTS' MOTION TO DISMISS - 19

4824-5443-9975.03
42496.00193

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600