HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOUN KEODALAH and AUNG KEODALAH,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY and TRACEY SMITH,

Defendants.

CASE NO. C15-01412 RAJ

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND

## I. INTRODUCTION

This matter comes before the court on Plaintiffs' motion to remand. Dkt. #10. Although Plaintiffs requested oral argument, the Court finds that oral argument is not necessary to resolve this motion. Plaintiffs argue that subject matter jurisdiction is not established because Defendants fail to demonstrate that the amount in controversy exceeds $75,000, and the complete diversity of parties exists. *Id*. at 1. Defendants counter by asserting they have met their burden of establishing the jurisdictional amount, and claim that the Washington defendant

named in Plaintiffs' complaint is fraudulently joined. Dkt. #16 at 1-2. For the reasons stated herein, the Court agrees that Defendants have not demonstrated that the amount in controversy exceeds $75,000 and thus GRANTS Plaintiffs' Motion for Remand.

## BACKGROUND

On August 4, 2015 Plaintiffs, Moun Keodalah and Aung Keodalah, filed a complaint against Allstate Insurance Company ("Allstate") and Tracey Smith (collectively "Defendants") in King County Superior Court. Dkt. #1, Ex. F at 2. This complaint arises from Allstate's alleged misconduct in handling Mr. Keodalah's 2007 underinsured motorist claim. *Id*., Ex. A at 7. In the instant action, Plaintiffs seek damages for Allstate's alleged misconduct in handling Plaintiffs' UIM claim. *Id*. at 13-16. Plaintiffs allege claims for breach of fiduciary duty, insurance bad faith, violations of Washington's Consumer Protection Act ("CPA"), and violations of Washington's Insurance Fair Conduct Act ("IFCA"). *Id*. at 16-17. Plaintiffs' prayer for relief seeks special damages, general damages, punitive damages, and reasonable attorney fees and costs. *Id*. The face of Plaintiffs' complaint does not allege the total amount of damages sought.

Prior to filing the complaint in this action, Plaintiffs sent Defendants a letter which stated, in pertinent part: "In an effort to avoid costly litigation and resolve this matter, Mr. Keodalah will accept the sum of $500,000." Dkt. #17, Ex. A at 5. Plaintiffs allege that Defendants did not respond to this demand. Dkt. #20 at 11. This suit followed.

On September 3, 2015, Defendants removed this case from King County Superior Court based on diversity jurisdiction. Dkt. #1 at 1-2. With respect to the jurisdictional amount required for diversity jurisdiction, Defendants' Notice of Removal stated that "Plaintiff's allegations and relief request make it much more likely than not that the amount in controversy

in this case exceeds $75,000." *Id*. at 4.  Defendants listed three bases to support this contention.  *Id*. at 5.  Defendants first posited that Plaintiffs "presumably" seek to recover $83,565.25, which is the amount equal to the difference between the amount a jury awarded Plaintiffs in the previous lawsuit between the parties ($108,868.20) and the amount ultimately paid by defendant Allstate ($25,302.95).  *Id*.  Defendants then alleged that Plaintiffs "presumably seek an award of treble the[ir] $25,000 [insurance policy] limits" and argued that possible treble damages under the CPA would "similarly enlarge the amount in controversy."  *Id*.  Defendants finally claimed that Plaintiffs' request for an award of reasonable attorney fees and "actual and statutory litigation costs, including expert witness fees, under IFCA and the CPA" makes the amount in controversy swell "even more."  *Id*.[1]  Aside from stating that the amount in controversy exceeds $75,000, Defendants also based removal on the allegation that defendant Tracey Smith, a citizen of Washington State, was fraudulently joined by Plaintiffs to defeat diversity jurisdiction.  *Id*. at 2.

On September 17, 2015, Plaintiffs filed a motion to remand this case to King County Superior Court.  *See* Dkt. #10.  Plaintiffs argue that Defendants have failed to show, by a preponderance of the evidence, that diversity jurisdiction is proper under 28 U.S.C. § 1332.

## II.   DISCUSSION

### A.  Legal Standard

Federal courts have removal jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the case is between citizens of different states.  28 U.S.C. § 1332.  When a defendant seeks to remove an action to federal court,

---

[1] The Court notes that in Defendants' response to Plaintiffs' Motion for Remand, Defendants disclaimed two of the three bases they originally relied on to demonstrate that the jurisdictional amount was met.  *See* Dkt. #16 at 5.

"the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). The removing defendant faces a strong presumption against removal and bears the burden of establishing, by a preponderance of the evidence, that removal was proper. *Id*. at 567; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Facts that support a showing of the jurisdictional amount are ordinarily set forth in a party's removal petition. *Gaus*, 980 F.2d at 567. Courts can also consider facts or summary-judgment-type evidence set forth in a party's opposition to a motion for remand – this includes information included in declarations attached in support of an opposition to a motion for remand. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) ("The district court did not err in construing [the defendant's] opposition as an amendment to its notice of removal.") (citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)). If there is any doubt as to the right of removal, federal jurisdiction must be rejected. *Gaus*, 980 F.2d at 566. If any defect causes federal jurisdiction to fail, the Court must order remand. 28 U.S.C. § 1447(c).

### B. Amount in Controversy

The Court first addresses Plaintiffs' contention that Defendants' notice of removal fails to demonstrate that the amount in controversy exceeds $75,000.

Because Plaintiffs' complaint does not allege an amount for damages, the Defendants must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (removing defendants must prove, by a preponderance of evidence, that the jurisdictional amount is met when a complaint is "unclear or ambiguous" with respect to the amount in controversy). To overcome the presumption against removal, Defendants can present summary-judgment type

evidence that is relevant to the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Conclusory allegations do not suffice. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The amount in controversy is established at the time of removal, and includes actual damages, punitive damages, and attorney fees authorized by contract or statute.[2] *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages); *Kroske*, 432 F.3d at 980 (attorney fees).

Defendants have not met their burden of demonstrating that Plaintiffs' damages and attorney fees exceed the jurisdictional amount required for diversity jurisdiction. Defendants' removal petition set forth three bases to demonstrate satisfaction of the jurisdictional amount. Dkt. #1 at 4-5. However, Defendants disclaimed two of these bases in their Opposition to Plaintiffs' Motion for Remand.[3] *See* Dkt. #16 at 6. Instead, in their opposition briefing, Defendants set forth the following two bases to demonstrate that the jurisdictional amount is met: 1) Defendants submit evidence of a settlement demand sent by Plaintiffs; and 2) Defendants claim that Plaintiffs' "failure to disclaim any damages over $75,000 (or to even represent their damages are under $75,000)," serves as evidence that the amount in controversy exceeds $75,000. *Id*. at 6. Defendants also argue that Plaintiffs' "potential attorney fee and damage recovery" meets the jurisdictional amount required. *Id*. The Court will address each of these bases in turn.

---

[2] The CPA authorizes recovery of reasonable attorney's fees to the prevailing party. RCW 19.86.090.

[3] The Court construes Defendants' opposition to Plaintiffs' motion for remand as an amendment to Defendants' notice for removal. *See Cohn*, 281 F.3d at 840, n.1 ("The district court did not err in construing [the defendant's] opposition as an amendment to its notice of removal."). Accordingly, the Court will not address the two bases for removal disclaimed by Defendants in their opposition briefing.

        i.    Plaintiffs' Settlement Demand

As the Ninth Circuit explained in *Cohn v. Petsmart, Inc.*, a settlement demand is "relevant evidence of the amount in controversy if it appears to reflect a *reasonable* estimate of the plaintiff's claim." 281 F.3d at 840 (emphasis added). In *Cohn*, a trademark infringement case, the Ninth Circuit found that the plaintiff's settlement demand was sufficient to establish the amount in controversy because it explained why the plaintiff valued his trademark at $100,000, the plaintiff consistently held that his trademark was worth $100,000, and the plaintiff at no point disavowed this amount. *Id*.

Here, Unlike in *Cohn*, Defendants cannot successfully rely on Plaintiffs' settlement demand to demonstrate that the amount in controversy is met. Unlike the settlement letter in *Cohn*, which explained why the plaintiff demanded $100,000, Plaintiffs' demand does not explain why, or how, they decided on a settlement amount of $500,000. *Id*. On the contrary, Plaintiffs' settlement letter merely states: "In an effort to avoid costly litigation and resolve this matter, Mr. Keodalah will accept the sum of $500,000." Dkt. #17, Ex. A at 5. Additionally, unlike the plaintiff in *Cohn*, Plaintiffs have expressly stated that their $500,000 settlement demand is <u>not</u> a "reasonable estimate" of their damages. Dkt. #20 at 11. Plaintiffs allege this amount "provided only an opening bargaining position" to begin settlement negotiations; Plaintiffs also point out that this settlement demand does not offer any indication of Plaintiffs' assessment of the value of their case. *Id*. The Court agrees.

Plaintiffs' settlement demand does not allow the Court to determine the reasonableness of the amount demanded. Because settlement demands can reflect a number of strategies, "[w]ithout more evidence than the demand itself, it is difficult to determine what a settlement demand reveals about the actual amount in controversy." *McDaniel v. Garmin, Inc.*, No. C12-

ORDER GRANTING PLAINTIFFS' MOTION FOR
REMAND- 6

2243RAJ, 2013 WL 1163795, *3 (W.D. Wash. March 18, 2013). Aside from Plaintiffs' five-line settlement demand, Defendants have not provided the Court with any evidence to establish the amount in controversy. Consequently, the Court finds that Plaintiffs' $500,000 settlement demand, without more evidence, does not reflect a reasonable estimate of Plaintiffs' claim and does not serve to demonstrate that the amount in controversy has been met.

        ii.    Plaintiff's Refusal to Disclaim Damages Above $75,000

Defendants cannot meet their burden of demonstrating that the jurisdictional amount is met by pointing to Plaintiffs' refusal to disclaim damages over $75,000. As courts in the Ninth Circuit have explained, defects in subject matter jurisdiction cannot be stipulated to or waived. *Conrad Assocs. v. Hartford Accident & Indemnity, Co.*, 994 F.Supp. 1196, 1199 (N.D. Cal. 1999). Consequently, making plaintiffs stipulate to the amount of damages recoverable "serve[s] no effect in determining the amount in controversy at the time of removal." *Id*. Defendants, not Plaintiffs, bear the burden of demonstrating that the jurisdictional amount required for diversity jurisdiction is met. The Court thus refuses to find that Plaintiffs' "failure to disclaim any damages over $75,000 (or to even represent their damages are under $75,000)" serves to satisfy Defendants' burden. *See Dobson v. United Airlines Inc.*, No. C 02-04771CRB, 2002 WL 31689365, *1 (N.D. Cal. Nov. 25, 2002) (defendants cannot rely on plaintiff's refusal to stipulate that amount in controversy is less than $75,000 to satisfy burden of demonstrating amount in controversy); *also Burk v. Med. Savs. Ins. Co.*, 348 F. Supp. 2d 1063, 1070 (D. Ariz. 2004) ("Plaintiffs need not stipulate to limit their future remedies to prevent Defendant's removal to federal court.").

### iii. Plaintiffs' Potential Recovery of Attorney Fees and Costs

Defendants' reliance on Plaintiffs' "potential recovery of attorney fees and costs" falls short of demonstrating that the jurisdictional amount is met. Defendants argue that Plaintiffs "will likely" try to recover, as substantive damages, attorney fees and costs Plaintiffs incurred in their first suit against defendant Allstate. Dkt. #16 at 5. Defendants further argue that Plaintiffs' potential recovery of statutory attorney fees "will further swell the amount in controversy." *Id*.

Defendants cannot rely on their unfounded belief that Plaintiffs will try to recoup attorney fees and costs incurred in an underlying lawsuit to demonstrate that the amount in controversy exceeds $75,000. As an initial matter, the Court would like to point out that "costs" are not to be considered when determining whether the amount in controversy requirement is met. *See* 28 U.S.C. § 1332(a) ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs*[.]") (emphasis added). However, even if this amount were included, Defendants would nonetheless fail to establish that the requisite amount in controversy because their belief that Plaintiffs "will likely" try to recover previous litigation costs as substantive damages is not supported by facts or summary-judgment-type evidence. In fact, Defendants readily admit that they are unaware of the amount of attorney fees and costs Plaintiffs incurred in their underlying lawsuit. Dkt. #16 at 5.

Defendants also fail to demonstrate that Plaintiffs' potential, statutory attorney fee recovery meets the jurisdictional amount required for diversity jurisdiction. Attorney fees can be included to determine the amount in controversy as long as "an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language." *Galt*, 142 F.3d at 1156. Courts in this district have held that future attorney fees should not be considered when

determining the amount in controversy. *Kahlo v. Bank of Am., N.A.*, No. C12-0083RSM, 2012 WL 1067237, at *3 (W.D. Wash. March 28, 2012) ("Given that the amount of future attorneys' fees incurred after the date of removal is entirely speculative and may even be avoided, the Court . . . rejects defendants' inclusion of plaintiff's [future] attorney's fees as speculative and unsupported, and finds they cannot be included in determining the amount in controversy."). Here, Washington State's CPA and IFCA statutes allow Plaintiffs to recover attorney fees. However, Defendants' removal petition does not include facts, or "summary-judgment-type" evidence, to demonstrate that the amount of legal fees Plaintiffs had incurred at the time the case was removed to this Court exceeded $75,000. Instead, Defendants merely state that recovery of attorney fees under the CPA and IFCA "will further swell the amount in controversy." Dkt. #16 at 5. Defendants present no evidence to support their contentions with respect to Plaintiffs' potential attorney fee recovery, and the Court refuses to find that these unsupported statements are enough to create subject matter jurisdiction.

Because Defendants have not demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, the Court GRANTS Plaintiffs' Motion for Remand. Having found that the jurisdictional amount required for diversity jurisdiction is not met, the Court will not address the remaining jurisdictional arguments.

### C. Attorney Fees and Costs

In their Motion for Remand, Plaintiffs seek an award of attorney fees pursuant to 28 U.S.C. 1447(c). Dkt. #10 at 22-23. Following remand of a case, the district court may, in its discretion, award attorney fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when

an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Plaintiffs argue that Defendants did not have an objectively reasonable basis for seeking removal because they provided "no factual basis to substantiate the $75,000 limitation outside of speculation and conjecture." Dkt. #10 at 23. The Court disagrees.

When a defendant relies on existing case law supporting removal, an objectively reasonable basis for removal may exist. *See Martin*, 546 U.S. at 135 (defendant's reliance on case law to support removal provided an objectively reasonable basis, even though the case law relied upon was subsequently deemed unsound). Here, Defendants relied on existing case law to argue that Plaintiffs' settlement demand served as proof that the amount in controversy was met. *See* Dkt. #16 at 3-4. Defendants' reliance on existing case law, although unsuccessful, was objectively reasonable. Accordingly, the Court DENIES Plaintiffs' request for attorney fees and costs.

### III.   CONCLUSION

For all the foregoing reasons, the court GRANTS Plaintiffs' motion to remand (Dkt. #10) and directs the clerk to remand this case to King County Superior Court. Plainiffs' request for attorney fees and costs is DENIED.

Dated this 25th day of March, 2016.

The Honorable Richard A. Jones
United States District Court